IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTH STAR ALASKA HOUSING CORP., Plaintiff, | ) | No. 05-930C |
| v. | ) | (Judge Allegra) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 that plaintiff is "an Alaska corporation with its principal offices at 937 Harvard Avenue East, Seattle, Washington 98012" for lack of knowledge or information sufficient to form a belief as to their truth. Admits the remainder of the allegations contained in paragraph 2.

3. Admits.

4. The allegations contained in the first sentence of paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute plaintiff's characterization of its case and of the relief that it seeks, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 constitute conclusions of law, to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contracting officer's decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the Request for Proposals cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the proposals cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 10.

Admits the allegations contained in the second sentence of paragraph 10 to the extent supported by the contract award cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 10. Admits the allegations contained in the third sentence of paragraph 10 (including its sub-parts) to the extent supported by the contract documents cited, which are the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 10.

11. Admits the allegations contained in the first sentence of paragraph 11 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 11. Admits the allegations contained in the second sentence of paragraph 11. Denies the allegations contained in the third sentence of paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the last three sentences of paragraph 11 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Admits the allegations contained in paragraph 12 to the extent supported by the lease cited, which is the best evidence

of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the lease and the decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 14.

15. Admits that the Government did not issue a work authorization to North Star for the replacement of occupant-damaged downstairs carpet in Unit 623; otherwise denies the allegations contained in paragraph 15.

16. Admits.

17. Denies.

18. Admits.

19. Admits the allegations contained in paragraph 19 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegation contained in paragraph 20 that the Government did not issue work authorizations regarding the

upstairs hall bathroom and downstairs vinyl in Unit 1256; otherwise denies the allegations contained in paragraph 20.

21. Admits.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Admits the allegations contained in the first sentence of paragraph 23. Denies the allegation contained in the second sentence of paragraph 23.

24. Admits the allegations contained in the first sentence of paragraph 24 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 24. Admits the allegations contained in the second sentence of paragraph 24.

25. Admits the allegations contained in the first sentence of paragraph 25 that the Government directed North Star to replace the bathroom vinyl in Unit 916 due to cracking; otherwise denies the allegations contained in the first sentence of paragraph 25. Denies the allegations contained in the second sentence of paragraph 25. Admits the allegations contained in the third sentence of paragraph 25 that the Government did not issue a work authorization to North Star for replacement of the

adjacent dining room and kitchen vinyl; otherwise denies the allegations contained in the third sentence of paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the lease and contracting officer's decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in the first two sentences of paragraph 27. Denies the allegations contained in the third sentence of paragraph 27.

28. Denies.

29. Admits.

30. Admits.

31. Admits.

32. Admits the allegations contained in paragraph 32 to the extent supported by the contracting officer's decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegation contained in the first sentence of paragraph 33 that the Government did not issue a work authorization to North Star for the items listed; otherwise denies the allegation contained in the first sentence of paragraph 33. The allegations contained in the second sentence of paragraph 33 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to

the extent they may be deemed allegations of fact, they are denied.

34. Denies the allegation contained in the first sentence of paragraph 34. Admits the allegation contained in the second sentence of paragraph 34 that North Star replaced the refrigerator; otherwise denies the allegations contained in the second sentence of paragraph 34.

35. Admits.

36. Admits.

37. Admits the allegations contained in paragraph 37 to the extent supported by the contracting officer's decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 38 to the extent supported by the contracting officer's decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. The allegations contained in paragraph 39 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. Admits the allegations contained in the first sentence of paragraph 40. Admits the allegation contained in the second sentence of paragraph 40 that the Government did not issue a work

authorization; otherwise denies the allegations contained in the second sentence of paragraph 40.

41. Admits the allegations contained in the first two sentences and the last clause of the third sentence of paragraph 41. The remaining allegations contained in paragraph 41 constitute conclusions of law and plaintiff’s characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. Admits.

43. Admits.

44. Admits the allegations contained in paragraph 44 to the extent supported by the contracting officer’s decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 44.

45. Admits the allegations contained in paragraph 45 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 45.

46. Denies.

47. Denies.

48. Admits the allegation contained in paragraph 47 that the Government replaced the carpet and pad in Unit 963; otherwise denies the allegations contained in the paragraph 47.

49. Admits the allegations contained in paragraph 49 to the extent supported by the contracting officer's decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50. Admits the allegations contained in the first sentence of paragraph 50. Denies the remaining allegations contained in paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth.

51. Denies the allegations contained in paragraph 51 for lack of knowledge or information sufficient to form a belief as to their truth.

52. Admits.

53. Admits the allegations contained in paragraph 53 to the extent supported by the contracting officer's decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 53.

54. Admits the allegations contained in paragraph 54 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 54.

55. Admits the allegations contained in paragraph 55 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 55.

56. Admits the allegations contained in the first sentence of paragraph 56 that the Government has hired companies other than North Star to perform maintenance and repairs in Birchwood housing units. The remaining allegations in the first sentence of paragraph 56 constitute conclusions of law and plaintiff’s characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. Admits.

58. Admits the allegations contained in paragraph 58 to the extent supported by the contracting officer’s decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59. Admits the allegations contained in the first sentence of paragraph 59. Denies the allegations contained in the second sentence of paragraph 59 for lack of knowledge or information sufficient to form a belief as to their truth.

60. Admits.

61. Admits the allegations contained in the first sentence of paragraph 61 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 61. The allegations contained in the second sentence of paragraph 61 constitute plaintiff's characterization of its case, to which no

answer is required; to the extent that they may be deemed allegations of fact, they are denied.

62. Admits the allegations contained in the first sentence of paragraph 62. Denies the allegations contained in the second sentence of paragraph 62 for lack of knowledge or information sufficient to form a belief as to their truth.

63. Admits.

64. Admits the allegations contained in the first sentence of paragraph 64 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 64. The allegations contained in the second sentence of paragraph 64 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

65. Admits the allegations contained in the first sentence of paragraph 65. Denies the allegations contained in the second sentence of paragraph 65 for lack of knowledge or information sufficient to form a belief as to their truth.

66. Admits.

67. Admits the allegations contained in the first sentence of paragraph 67 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 67. The

allegations contained in the second sentence of paragraph 67 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

68. Admits the allegations contained in the first sentence of paragraph 68. Denies the allegations contained in the second sentence of paragraph 68 for lack of knowledge or information sufficient to form a belief as to their truth.

69. Admits.

70. Admits the allegations contained in the first sentence of paragraph 70 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 70. The allegations contained in the second sentence of paragraph 70 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

71. Admits the allegations contained in the first sentence of paragraph 71. Denies the allegations contained in the second sentence of paragraph 71 for lack of knowledge or information sufficient to form a belief as to their truth.

72. Admits.

73. Admits the allegations contained in the first sentence of paragraph 73 to the extent supported by the letter cited,

which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 73. The allegations contained in the second sentence of paragraph 73 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

74. Admits the allegation contained in the first sentence of paragraph 74 that, since February 2002, the contacting officer has deducted rent; otherwise denies the allegations contained in paragraph 74.

75. Denies.

76. Denies the allegations contained in paragraph 76 for lack of knowledge or information sufficient to form a belief as to their truth.

77. Admits the allegations contained in paragraph 77 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 77.

78. Admits.

79. Defendant's responses to paragraphs 1 through 78 of the complaint are incorporated by reference.

80. The allegations contained in paragraph 80 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

81. The allegations contained in paragraph 81 constitute plaintiff's characterization of its case, to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

82. Defendant's responses to paragraphs 1 through 81 of the complaint are incorporated by reference.

83. The allegations contained in paragraph 83 constitute conclusions of law, to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

84. The allegations contained in paragraph 84 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

85. The allegations contained in paragraph 85 constitute plaintiff's characterization of its case, to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

86. Defendant's responses to paragraphs 1 through 85 of the complaint are incorporated by reference.

87. The allegations contained in paragraph 87 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

88. The allegations contained in paragraph 88 constitute plaintiff's characterization of its case and of the relief that it seeks, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

89. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 88, or to any relief whatsoever.

90. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

Attorneys for Defendant

OF COUNSEL
ANA-VALLI GORDON
Assistant District Counsel
United States Army Corps of Engineers
Galveston District

November 7, 2005

Certificate of Filing

I hereby certify that on November 7, 2005, a copy of the foregoing Defendant's Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail