IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NORTH STAR ALASKA HOUSING CORP., Plaintiff, v. THE UNITED STATES, Defendant. | No. 05-930C (Judge Allegra) |

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, the parties submit this Joint Preliminary Status Report.

a. Does the Court have jurisdiction over the action?

North Star Alaska Housing Corp. asserts jurisdiction pursuant to 28 U.S.C. § 1491, et seq. and 41 U.S.C. § 601, et seq.

The United States states that the Court does not possess jurisdiction to entertain claims of monetary damage related to Unit 623, Unit 1256, Unit 861, Unit 963, or whether the Birchwood Homes lease permits the Government to hire contractors other than North Star to perform repair work and maintenance on Birchwood housing units, because North Star has not presented a claim for a sum certain relating to those issues in any of the requests for contracting officer decisions that underlie this case. In addition, the United States states that the Court does not possess jurisdiction to entertain the claim that the Government has diminished the value of Birchwood Homes, because North Star

has not presented that claim to the contracting officer in any of the requests for contracting officer decisions that underlie this case. Otherwise, the United States knows of no reason to question the Court's jurisdiction, at this time.

b. Should the case be consolidated with any other case and the reasons therefor?

The case should be consolidated with Case No. 04-1396C (Fed. Cl.), because the two cases involve the same parties, interpretation of the same lease, similar issues, and many of the same witnesses. In addition, both cases are at the same stage of litigation; that is, no discovery has been conducted in either case.

c. Should the trial of liability and damages be bifurcated and the reasons therefor?

A trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefor?

This case should be deferred pending consideration of Case No. 98-168C because both cases involve the Government's work authorization and downtime calculation practices, and Case No. 98-168C was tried in August 2005.

e. Will a remand or suspension be sought and the reasons therefor and the proposed duration?

A remand or suspension will not be sought.

f. Will additional parties be joined?

Additional parties will not be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?

Neither party, at this time, intends to file a motion pursuant to RCFC 12(b), 12(c), or 56.

h. What are the relevant factual and legal issues?

Whether the Government has violated a Lease for Birchwood Homes, entered into between North Star and the Government on November 6, 1987, for the purpose of Army housing by Lease by (1) diminishing the value of North Star's asset by (a) applying a double standard with respect to matching of adjacent surfaces, (b) refusing to authorize necessary and required maintenance and repair, and (c) permitting companies other than North Star to accomplish maintenance and repairs that North Star is entitled to perform; (2) wrongfully reducing North Star's rent; and (3) dealing with North Star in bad faith.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties are negotiating in an attempt to settle this case along with Case Nos. 98-168C, 02-1632C, 03-2699C, and 04-1396C (Fed. Cl.), but alternative dispute resolution is not contemplated.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

If the case does not settle, the parties anticipate that the case will proceed to trial. The parties do not request an expedited trial scheduling, and request Fairbanks, Alaska as the

place for trial.

k. Are there special issues regarding electronic case management needs?

There are no special issues regarding electronic case management needs.

l. Is there other information of which the Court should be aware at this time?

There is no other information of which the Court should be aware at this time.

Discovery Plan, if the case is not deferred:

| | |
|---|---|
| June 30, 2006 | Completion of fact discovery; |
| August 14, 2006 | Disclosure of expert opinions; |
| September 29, 2006 | Disclosure of expert rebuttal opinions; |
| October 13, 2006 | Completion of expert discovery. |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Paul W. Killian
PAUL W. KILLIAN
Akin Gump Strauss Hauer
& Feld LLP
1333 New Hampshire Ave., N.W.
Washington, DC 20036
Tel: (202) 887 4000
Fax: (202) 887-4288
Attorney for Plaintiff

December 29, 2005

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

OF COUNSEL
ANA-VALLI GORDON
Assistant District Counsel
United States Army Corps of Engineers
Galveston District
Attorneys for Defendant

December 29, 2005

Certificate of Filing

I hereby certify that on December 29, 2005, a copy of the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail