IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTH STAR ALASKA HOUSING CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-930C |
| v. | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION TO DISMISS CERTAIN CLAIMS
FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant, the United States, requests that the Court dismiss, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, six claims that plaintiff, North Star Alaska Housing Corp. ("North Star") raises in this case. Those claims have not been presented to the contracting officer.

North Star invokes the Contract Disputes Act, 41 U.S.C. § 601, et seq., as the source of this Court's jurisdiction. Complaint For Damages And Declaratory Relief ("Compl.") ¶ 1. When submitting a complaint to this Court pursuant to the Contract Disputes Act, a contractor may not raise any new claims not presented and certified to the contracting officer. See Santa Fe Eng'rs, Inc. v. United States, 818 F.2d 856, 858 (Fed. Cir. 1987). The claim submitted to the contracting officer must be one that "gives the contracting officer adequate notice of the basis and amount of the claim." See Contract Cleaning Maint., Inc. v. United States, 811 F.2d 586, 592 (Fed. Cir. 1987). If the contractor seeks monetary damages, the claim to the

contracting officer must have stated a sum-certain amount or an amount that can be easily determined by a simple mathematical equation or from the contractor's submission to the contracting officer in order for the Court to possess jurisdiction to entertain the claim for monetary damages. See Metric Constr. Co., Inc. v. United States, 14 Cl. Ct. 177, 179-80 (1988). The Court should dismiss the following claims for failure to present those claims to the contracting officer.

First, North Star seeks monetary damages allegedly arising from the replacement of carpet in Birchwood Homes Unit 623. See Compl. ¶¶ 15-19, 81, 85. North Star submitted a claim to the contracting officer related to Unit 623 on August 31, 2004. Compl. ¶ 18. In that submission, however, North Star did not present a claim for any specific monetary amount; rather, it requested that the contracting officer decide "whether the carpet replaced by the Government [in Unit 623] is of a compatible kind to the adjacent carpet."[1] App. 8.

Second, North Star seeks monetary damages allegedly arising from the replacement of vinyl in Unit 1256. See Compl. ¶¶ 20-24, 81, 85. North Star submitted a claim to the contracting officer related to Unit 1256 on August 25, 2004. Compl. ¶ 23. In that

[1] North Star had, on July 7, 2004, made the same request, but mistakenly referred to Unit 623 as "Unit 624." Appendix ("App.") 1.

submission, however, North Star did not present a claim for any specific monetary amount; rather, it requested a contracting officer's decision "regarding the financial responsibility for the vinyl replacement in the upper hall bath and downstairs vinyl of unit 1256." App. 4.

Third, North Star seeks monetary damages allegedly arising from the attempted repair of blinds in Unit 861. See Compl. ¶¶ 40-44, 81, 85. North Star submitted a claim to the contracting officer related to Unit 861 on August 26, 2004. Compl. ¶ 43. In that submission, however, North Star did not present a claim for any specific monetary amount; rather, it requested a contracting officer's decision "regarding the financial responsibility for the blinds repair or replacement in unit 861." App. 6.

Fourth, North Star seeks monetary damages allegedly arising from damage to carpet in Unit 963. See Compl. ¶¶ 45-49, 81, 85. North Star submitted a claim to the contracting officer related to Unit 963 on February 24, 2005. Compl. ¶ 48. In that submission, however, North Star did not present a claim for any specific monetary amount; rather, it requested a contracting officer's decision "regarding whether the Government is required to perform a complete sealing of urine damaged rooms." App. 14.

Fifth, North Star seeks monetary damages allegedly arising from the Government's use of other contractors to perform repair

work and maintenance on Birchwood Home units. See Compl. ¶¶ 54-58, 81, 85. North Star submitted a claim to the contracting officer related to that issue on July 30, 2004. Compl. ¶ 57. In that submission, however, North Star did not present a claim for any specific monetary amount; rather, it requested a contracting officer's decision "regarding whether or not the Lease permits the Government to hire contractors other than North Star to perform initial repair work and maintenance on Birchwood housing units." App. 2.

Sixth, North Star seeks monetary damages allegedly arising from the Government's "diminution in value of the Birchwood Property." Compl. at 4, 7, 11, 12, 15 ¶ 81, 16 ¶ 85. In none of the requests for contracting officer's decisions that are the predicate for this case did North Star present a claim that the Government has diminished the value of Birchwood Homes.[2] See App. 1-15.

For the foregoing reasons, the Court should grant our motion to dismiss the claims referenced above.

---

[2] In addition to the requests for contracting officer's decisions discussed above, North Star submitted claims on August 25, 2004, August 26, 2004, September 9, 2004, November 22, 2004, December 6, 2004, and May 20, 2005. Compl. ¶¶ 31, 36, 52, 60, 63, 66, 69, 72; App. 3, 5, 6, 10-13, 15.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

OF COUNSEL
ANA-VALLI GORDON
Assistant District Counsel
United States Army Corps of Engineers
Galveston District

July 31, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on July 31, 2006, a copy of the foregoing Defendant's Motion To Dismiss Certain Claims For Lack Of Subject Matter Jurisdiction was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail