THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **NORTH STAR ALASKA HOUSING CORPORATION,** <br> **Plaintiff,** <br> **v.** <br> **UNITED STATES OF AMERICA,** <br> **Defendant.** | **No. 05-930C** <br> **Judge Francis M. Allegra** |

**<u>OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Plaintiff North Star Alaska Housing Corporation ("North Star" or "Plaintiff") hereby opposes the Motion to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction filed by Defendant United States of America ("Defendant" or "Government").

## I. INTRODUCTION

The Government seeks to dismiss for lack of subject matter jurisdiction six (6) claims raised by North Star on the ground that they were not properly submitted to the contracting officer.[1] According to the Government, North Star's submissions to the contracting officer were defective because North Star did not request a specific monetary sum.

In its three-count Complaint, North Star alleges that the wrongful actions of the Government have caused North Star to incur substantial damages, have diminished the value of the Birchwood property and constitute clear evidence of the Government's breach of contract and bad faith administration of the Lease. Specifically, Count I alleges that the Government has

[1] For ease of reference, North Star will refer to these claims by the numbering assigned to them in the Defendant's Motion to Dismiss.

breached the contract on multiple occasions and that as a direct and proximate result North Star has suffered damages. Count II alleges that the Government conduct under the Lease represents a course of conduct to inflict injury on North Star. Count III requests the Court find and declare that North Star's interpretation of the contract as set forth in the Complaint were correct. All of the items sought to be dismissed are relevant to Counts II and III and on that basis alone, the Government's motion to dismiss is without merit and should be denied in its entirety.

Moreover, all of the six (6) claims attacked by the Government are properly before the Court because the contracting officer either knew the amount in controversy or the claims were requests for an interpretation of contract terms for which no monetary amount need be stated.

This court has held that a claim need not specify a sum certain if it "can be easily determined by a simple mathematical calculation or from the contractor's submission to the contracting officer." Metric Constr. Co. v. United States, 14 Cl. Ct. 177, 179 (1988). Furthermore, and contrary to what the Government implies in its motion to dismiss, there is no requirement under the Contract Disputes Act of 1978 ("CDA") that a claim be submitted in any particular form or use any particular wording. Contract Cleaning Maintenance, Inc. v. United States, 811 F.2d 586,592 (Fed. Cir. 1987). Nor does the CDA require the court to interpret a contractor's submission in a vacuum and ignore earlier contractor submissions or other discussions among the parties. See Mendenhall v. United States, 20 Cl. Ct. 78 (1990). (Court held contractor's submission was a clear notice of claim in light of the contracting officer's earlier discussions with the contractor.); Metric Constr. Co. v. United States, 1 Cl. Ct. 383, 392 (1983) (Request for 7.5% for bond premium on all change orders was easily determinable since amount of change orders was known to the contracting officer. Contracting officer, therefore, was in a position to "intelligently and meaningfully give consideration" to contractor's claim.) It

is also well-established that several pieces of correspondence or documents together can form a valid claim. GPA-I, LP v. United States, 46 Fed. Cl. 762 (2000), citing, Contract Cleaning Maintenance, supra.

With regard to two (2) of the subject claims (Claims 2 and 6), the contracting officer had sufficient information regarding the amount of North Star's damages to be in a position to make an intelligent and meaningful consideration of North Star's claim. Both claims had been the subject of earlier discussions and North Star's damages were easily calculable by reference to either the contractually agreed "List of Repair Costs" or earlier correspondence. Certainly, just as this Court cannot interpret a contractor's claim submissions in a vacuum, the contracting officer cannot close his eyes and ignore information already known to him or ignore information readily available to him. Accordingly, as set forth in Part II A, below, the Government's motion to dismiss Claims 2 and 6 must be denied because the amount of North Star's claims were known to the contracting officer and were easily calculable. See Metric Constr. Co. v. United States, 14 Cl.Ct. 177, 179 (1988).

The Government's motion to dismiss also ignores the fact that a valid CDA claim need not involve a request for monetary relief. Under the Federal Acquisition Regulations ("FAR"), the term "[c]laim means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising or relating to the contract." 48 C.F.R. § 2.101 (2006). A contractor need not make a request for a sum certain where it is simply seeking the adjustment or interpretation of contract terms. CW Government Travel, Inc. v. United States, 63 Fed. Cl. 369, 382 (2004), citing Clearwater Constructors, Inc. v. United States, 56 Fed. Cl. 303, 309 (2003) and GPA-I, LP, supra, 46 Fed Cl. at 766. As discussed in Part II B , below, four

of the claims which the Government seeks to dismiss (Claims 1, 3, 4 and 5) are not monetary claims at all, but are claims seeking as a matter of right, an interpretation of contract terms, for which no monetary amount need be stated. All of these nonmonetary claims and indeed all of the claims involve recurring issues under the Lease for which a declaratory judgment action is clearly appropriate.

## II. ARGUMENT

### A. The Contracting Officer Had Sufficient Information to Determine the Amount of North Star's Claims and/or North Star's Damages Were Easily Calculable Pursuant to the Lease Agreement

**Claim No. 2 – Unit 1256**

By letter dated August 25, 2004, North Star requested a contracting officer's final decision concerning the financial responsibility for replacement of occupant damaged vinyl in Unit 1256. App. 1. By letter dated October 22, 2004, the contracting officer denied the claim. Compl. ¶ 24. At the time the contracting officer denied the claim he was in possession of sufficient information concerning North Star's damages to enable him to make an intelligent and meaningful review of the claim, as evidenced by his actual issuance of a final decision. Specifically, North Star had already submitted invoices totaling $265.25 which included a material invoice of $191.56 and a labor installation invoice of $73.69. App. 2-5. Even in the absence of North Star's specific submissions, North Star's damages were easily calculable by reference to the agreed "List of Repair Costs" required by the Lease. App. 12-52; Compl. ¶ 32. The Government's motion to dismiss this claim for a failure to state a monetary amount is without merit and must be denied.

**Claim No. 6 – Diminution in Value of Property**

North Star seeks monetary damages arising from the Government's diminution of the value of the leased property. The Government has moved to dismiss this claim on the ground it

was not submitted to the contracting officer.

The Government knew that its breaches of the Lease diminished the value of the subject property. (See e.g. North Star's September 4, 2002 letter to the contracting officer, App. 53-134.) The damages associated with the diminution in value which occurred during the time period covered by the present action (2004 and 2005) were easily calculable by reference to earlier North Star submissions in the prior litigation and the contracting officer testified that he knew the Government action had that effect. App. 135-140. The Government has clearly been put on notice that its breaches of contract are diminishing the value of the property. Alternatively, to the extent the Court finds it lacks subject matter jurisdiction over this claim, North Star requests that it be dismissed without prejudice to North Star's rights to file such claim directly with the contracting officer.

## B. Four of North Star's Claims Were Seeking an Interpretation of Contract Terms and No Monetary Amount Needed to be Stated

The Government has moved to dismiss the following four claims for a failure to state a monetary amount. All of these four claims, however, are simply seeking an interpretation of contract terms for which no monetary amount need be stated. CW Government Travel, Inc. v. United States, 63 Fed. Cl. 369, 382 (2004); Emery Worldwide Airlines, Inc., v. United States, 47 Fed. Cl. 461 (2000); GPA-I, LP v. United States, 46 Fed Cl. 762 (2000). See also Compl., Count III, "Declaratory Judgment."

**Claim No. 1 – Unit 623 – Flooring Matching**

By letter dated August 31, 2004, North Star requested a final decision on whether the Government-replaced carpet in Unit 623 was compatible to the adjacent carpet, as required under the Lease. App. 8-9. By letter dated October 29, 2004, the contracting officer issued a final decision that the carpet replaced by the Government was compatible. This decision conflicts

with other Government final decisions on compatibility and evidences the double-standard the Government applies to North Star under the Lease. Compl. ¶ 19.

North Star's claim relating to compatible carpet was a request for an interpretation of contract terms, for which no amount need be stated. The Government's motion to dismiss this claim for failure to state a monetary amount therefore must be denied.

**Claim 3 – Unit 861**

By letter dated August 26, 2004, North Star requested a contracting officer's final decision concerning whether the occupant damaged blinds in Unit 861 required repair or replacement at the Government's expense. App. 6; Compl. ¶ 43. By letter dated October 25, 2004, the contracting officer issued a final decision stating that the occupant caused damage to the window blinds was satisfactorily repaired by the tenant. The contracting officer made this decision even though the blinds did not operate properly after repair. Compl. ¶ 44. North Star's claim with respect to the occupant damaged blinds in Unit 861 was a request for an interpretation of contract terms, for which no monetary amount need be stated.[2] Accordingly, the Government's motion to dismiss this claim for failure to state a dollar amount must be denied.

**Claim No. 4 – Unit 963 – Sealing of Damaged Floors**

By letter dated February 24, 2005, and in relation to Unit 963, North Star requested a contracting officer's final decision on whether under the lease "[T]he Government is required to perform a complete sealing of urine damaged rooms." App. 10. By letter dated April 13, 2005, the contracting officer issued a final decision stating the "parties prior course of dealing reflected the common practice" to treat the complete floor of any room damaged by pet urine before replacing the carpet. The contracting officer, however, also decided that the floor of Unit 963

[2] Alternatively, the replacement cost of blinds in a unit the size of Unit 816 is $146.35, and is easily calculable by reference to the agreed "List of Repair Costs" required under the Lease. App. 7.

had been properly sealed. Compl. ¶ 49. (The contracting officer's final decision did not address whether the Lease itself required the complete treatment of damaged floors before replacing carpet.)

North Star's claim relating to the requirement to seal damaged floors was a request for an interpretation of contract terms, for which no amount need be stated. The Government's motion to dismiss this claim for failure to state a monetary amount therefore must be denied.

**<u>Claim No. 5 – Government's Use of Other Contractors to Perform Repair and Maintenance Work</u>**

By letter dated July 30, 2004, North Star, citing Article VIII and Exhibit C to the Lease, requested a contracting officer's final decision on whether "the Lease permits the Government to hire contractors other than North Star to perform initial repair work and maintenance on Birchwood housing units." App. 11. On September 27, 2004, the contracting officer issued a final decision that the Government had the authority to accomplish repairs to occupant caused damaged by any means it chooses. Compl. ¶ 58.

North Star's claim relating to the Government use of other contractors to perform repair and maintenance work was a request for an interpretation of contract terms, for which no monetary amount need be stated. The Government 's motion to dismiss the claim for failure to state a monetary amount should therefore be denied.

## III. CONCLUSION

For the reasons set forth above, the Government's motion to dismiss should be denied in its entirety.

Dated: September 14, 2006

Respectfully submitted,

s/Paul W. Killian

PAUL W. KILLIAN

Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: (202) 887-4031
Fax: (202) 887-4288

Counsel for Plaintiff

**CERTIFICATE OF FILING**

I hereby certify that a true and correct copy of the foregoing Opposition to Defendant's Motion to Dismiss was filed electronically on this 14th day of September 2006. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Paul W. Killian

PAUL W. KILLIAN